**Thomas C. FOX, Appellant,**

v.

**Marion D. STRICKLAND, et al.**

No. 87–7131.

United States Court of Appeals, District of Columbia Circuit.

Jan. 22, 1988.

Thomas C. Fox, pro se.

Mary L. Wilson, Asst. Corp. Counsel, Frederick D. Cooke, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., for appellees Marion D. Strickland, et al.

Before RUTH BADER GINSBURG, STARR and BUCKLEY, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

*Pro se* appellant Thomas Fox has appealed from an order of the district court dismissing his complaint. The district court ruled that Fox had conceded a motion to dismiss made by the defendants by virtue of his failure to oppose the motion in the time prescribed by local rule. Before dismissing the case, the district court did not determine whether Fox had been informed of the pendency of the motion and of the consequences of a failure to respond. Because the district court acted precipitously in granting the motion and dismissing the complaint, we vacate the dismissal order and remand the case for further proceedings.

On November 28, 1986, Fox, a prisoner incarcerated at the Lorton Reformatory, filed in the district court a pleading he captioned "Petition for *Show Cause Or-*

*der*" (emphasis in original). In his petition, Fox sought $100,000 in damages, to be paid to him in equal amounts by defendants Marion Strickland and David Kwaikawski, both of whom were supervisory personnel at Lorton. Fox sought these damages for an alleged "conspiracy to interfere [with] and deprive [him] of this Civil and Constitutional Rights," "negligence," and the "exceeding [by defendants of their] authority in taking earned working hours without probable cause."

The gravamen of Fox's complaint, it appears, was the charge that he was unlawfully denied payment for several hours of work while employed in the industrial print shop at Lorton. Specifically, Fox alleged that because of an innocent error in punching his time card, he was not credited with three hours and seventeen minutes of work time and, as a consequence, was not paid wages properly owed to him. This incident, Fox asserted, was illustrative of more widespread discrimination in the print shop.

The district court ordered, pursuant to 42 U.S.C. § 1997e (1982), that the case be held in abeyance for ninety days. That section provides that a court may continue an action brought by a convicted adult prisoner pursuant to 42 U.S.C. § 1983 for up to ninety days to assure the exhaustion of "such plain, speedy, and effective administrative remedies as are available."

On March 19, 1987, claiming that "[d]efendants have ignored and disregarded all of plaintiff's efforts to avial (sic) himself of its administrative remedy procedures," Fox moved the court to allow the complaint to go forward. The defendants, for their part, moved on March 25 to dismiss the complaint for failure to exhaust administrative remedies. Accompanying the defendants' motion was a sworn affidavit filed by the Administrator of the Central Facility at Lorton, Salanda Whitfield. Whitfield stated that although Fox had been both informed of the relevant administrative procedures and supplied with the necessary forms, Fox had nevertheless failed to file a grievance. Thus, the defendants urged, dismissal of Fox's com-

plaint was in order. Fox did not respond to the motion.

On May 29, 1987, the district court granted the defendants' motion and dismissed the complaint. The district court treated the motion to dismiss as conceded due to Fox's failure to respond. This appeal followed.

In *Ham v. Smith*, 653 F.2d 628 (D.C.Cir. 1981), we reversed an order of the district court granting summary judgment against a *pro se* plaintiff who had recently been released from prison. One of the alternative grounds cited by the district court in support of summary judgment was plaintiff's failure to oppose the motion for summary judgment. We concluded that it was error to enter summary judgment without first explaining to the plaintiff the nature of the motion or fully considering whether plaintiff had received adequate time to respond to it.

We reiterated in *Ham* the rule set forth in *Hudson v. Hardy*, 412 F.2d 1091 (D.C. Cir.1968), that "as a bare minimum" the district court should give the *pro se* imprisoned plaintiff "fair notice of the requirements of the summary judgment rule." *Ham v. Smith*, 653 F.2d at 630. That notice, we held, should include an explanation that the failure to respond to an adverse party's summary judgment motion may result in the district court granting the motion and dismissing the case. *Id.*

■ *Ham* controls the case at bar. Although the defendant's motion in this case was captioned *"Motion to Dismiss* for Failure to Exhaust Administrative Remedies," attached to the motion was an affidavit that put before the court matters "outside the pleading." Fed.R.Civ.P. 12(b)(6). When such matters are presented to and not excluded by the court, the motion is to be treated by the district court as a motion for summary judgment pursuant to Rule 56 of the Federal Rules. *Id.*

■ Consistent with our ruling in *Ham*, it was incumbent upon the district court, in this case, to inform Fox of the pendency of the defendants' motion and to accord him an "explanation of the risks attending fail- ·

ure to respond to a summary judgment motion." *Ham v. Smith*, 653 F.2d at 630. This the district court did not do.

Accordingly, because the district court dismissed Fox's complaint without providing him with adequate notice of the requirements of the summary judgment rule, we vacate the dismissal order and remand the case to the district court for further proceedings consistent with this opinion.

*It is so ordered.*