John Paul TURNER, Plaintiff,

v.

Harry M. LUMADUE, Defendant.

Civ. A. No. 90–1667.

United States District Court,
District of Columbia.

Feb. 26, 1992.

John Paul Turner, pro se.

Patricia Daniel Carter, Asst. U.S. Atty.,
Washington, D.C., for Lumadue.

ORDER

REVERCOMB, District Judge.

This is a *pro se* action filed by the plaintiff in July 1990 and assigned initially to Judge Michael Boudin, formerly of this Court. By Order of March 4, 1991, Judge Boudin stated that he had reviewed the parties' pleadings to date in the matter and found that the materials filed by the plaintiff were "comprised largely of generalized and often incomprehensible grievances regarding plaintiff's alleged mistreatment by various government organizations, including the United States Postal Service ("USPS")." Judge Boudin held that, with one exception—a desire for production of documents from the USPS—plaintiff's submissions failed to set forth any arguable basis for believing that plaintiff possesses an identifiable cause of action. Judge Boudin so held after providing plaintiff, by Order of February 1, 1991, with an opportunity, consistent with *Fox v. Strickland*, 837 F.2d 507 (D.C.Cir.1988), to provide a more definite statement of his precise grievance in this action. Accordingly, Judge Boudin's March 4, 1991, Order dismissed all of plaintiff's claims and allegations for failure to state a cause of action under Fed.R.Civ.P. 12(b)(6), except for plaintiff's apparent request for production of documents cognizable under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

As to this FOIA-based claim, Judge Boudin's March 4, 1991, Order found that plaintiff had identified in his pleadings no specific documents he desired to have released and gave no indication of compliance with FOIA's administrative claim and appeals requirements. The Order noted, however, that the defendant had admitted in its answer to plaintiff's complaint that plaintiff had pursued an administrative appeal of a FOIA request to the USPS, and that USPS Assistant General Counsel Charles D. Hawley had partially denied this appeal in a letter to plaintiff dated May 15,

1991. Based on this admission, Judge Boudin ordered the defendant to file a motion to dismiss or for summary judgment setting forth the grounds for non-production of the records withheld pursuant to Mr. Hawley's letter, as well as any other grounds for dismissal or summary disposition, and further ordered plaintiff to respond to this motion.

The United States Attorney complied with this Order on April 8, 1991, with a Motion for Summary Judgment and 20–page memorandum in support thereof. The government's memorandum and supporting documentation, including affidavits, state that plaintiff's request for documents relates to a 1987 Postal Inspection Service (PIS) criminal investigation of plaintiff, who as late as 1979 had been employed by the Staunton, Virginia, Post Office as a "casual" laborer-custodial employee until his voluntary resignation. The PIS had interviewed plaintiff in 1987 "because he, by letter dated August 17, 1987, had contacted the relatives of the postal employees killed in the Edmond[,] Oklahoma[,] massacre by Patrick Sherrill in August of 1986, and told them that like Patrick Sherrill he too might shoot postal employees." Defendant's Memorandum at 2.

The government provides the affidavit of Henry J. Bauman, manager of the PIS's Legal Liaison Branch, Office of Administration, which provides based on his personal knowledge a detailed description of plaintiff's investigative file, as well as plaintiff's efforts to obtain information from that file, in accordance with *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). The affidavit states that in 1989, plaintiff had requested access to the records of PIS's investigation of him, and that the PIS had partially granted and partially denied this request, locating 58 pages of records responsive to plaintiff's request, releasing 34 pages of documents in their entirety and 17 pages with deletions, withholding 5 pages in their entirety, and referring two pages to the FBI as documents that originated with that agency. On plaintiff's administrative appeal, Assistant General Counsel Hawley states by affidavit that he partially reversed the PIS's withholding and released one additional page with deletions and two more previously released pages with fewer deletions. Bauman and Hawley assert that USPS withholds the remaining information on the basis that it (1) contains the identities of and information provided by confidential sources in the 1987 criminal investigation, as exempt from FOIA release under 5 U.S.C. § 552(b)(7)(C) and (D), and (2) contains the opinions expressed by the PIS investigator pertaining to the conduct of the investigation, as exempt under 5 U.S.C. § 552(b)(5) as non-discoverable agency work-product. Two additional pages of notes written by two Postal employees discussing the handling of plaintiff's complaints to the USPS are also withheld under 5 U.S.C. § 552(b)(5). The government argues that these materials were properly withheld or redacted based on the FOIA exemptions relied on by USPS.

The government also discusses at some length in its memorandum in support of summary judgment a series of appeals by plaintiff in 1987 to the Merit System Protections Board (MSPB), and subsequently to the United States Court of Appeals for the Federal Circuit, on a claim that the USPS refused to hire him following his 1979 employment and accord him a veteran's preference with respect to career advancement opportunities. Both bodies dismissed plaintiff's claims. *See* Exhibits to Hawley Affidavit. The government argues that plaintiff is attempting to relitigate his employment claims under the guise of a FOIA complaint and indicates that these claims are barred by both the statute of limitations and as *res judicata*. The Court finds no need to discuss these arguments since Judge Boudin's March 4, 1991, Order quite clearly dismissed under Rule 12(b)(6), Fed.R.Civ.P., "all claims and allegations of this action, other than plaintiff's request, under the Freedom of Information Act, for the production of the agency records *that were withheld as a result of Mr. Hawley's May 15 partial denial letter.*" Order at 2 (emphasis added).

 

On April 22, 1991, plaintiff filed a response to the government's motion for summary judgment and a request for reconsideration of Judge Boudin's March 4 Order. The Court has reviewed this response and finds that the government's supplemental memorandum in support of summary judgment, filed on April 30, 1991, concludes accurately that plaintiff's response "has not provided any factual or legal opposition to defendant's motion for summary judgment." Plaintiff again focuses on the employment-related grievances considered by Judge Boudin and asserts as to the FOIA complaint only that "USPS is still withholding releasable information from me." An additional response filed on May 9, 1991, is of the same tenor and does not dispute the government's assertions regarding its FOIA release and withholdings.

■ This Court has previously held that the names of those interviewed in law enforcement investigations and the third parties named in such interviews are properly exempted under FOIA exemptions (b)(7)(C) and (D). *Geske v. Attorney General, et al.*, Civil Action No. 84-2954 (July 17, 1987). The Court finds based on the undisputed facts presented in this case and the sworn representations of USPS personnel that the information withheld from plaintiff under these exemptions consisted of such names and of confidential information furnished by confidential sources as part of a record compiled by a criminal law enforcement authority in the course of a criminal investigation. *See* 5 U.S.C. § 552(b)(7)(D). Such confidential information is also properly exempted from disclosure. *Lesar v. Department of Justice*, 636 F.2d 472, 492 (D.C.Cir.1980).

■ As to the opinions expressed by the PIS investigator in his notes pertaining to the conduct of the investigation, and those of the two Postal employees deliberating handling of plaintiff's complaints to the USPS, the Court finds that both fall within the deliberative process privilege of FOIA exemption (b)(5). *See Fitzgibbon v. U.S. Secret Service*, 747 F.Supp. 51, 58–59 (D.D.C.1990) (written opinions and evaluative comments in reports of field agents regarding investigation they conducted exempt under (b)(5)); *see also Assassination Archives & Research Center v. CIA*, 720 F.Supp. 217, 220 (D.D.C.1989).

Accordingly, it is

ORDERED that Defendant's Motion for Summary Judgment is GRANTED.