966 F.2d 701
 296 U.S.App.D.C. 181
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Diana M. CORTO, Appellant,
v.
The JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, et al.
 Nos. 91-5043, 91-5068, 91-5203 and 91-5222.
 United States Court of Appeals, District of Columbia Circuit.
 May 6, 1992.
Rehearing and Rehearing En Banc
Denied Aug. 17, 1992.
Order Denying Motion to Refile Petition for
Rehearing July 16, 1993.
 
 Before WALD, D.H. GINSBURG and SENTELLE, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the court's order to show cause and the responses thereto, it is
 
 
 2
 ORDERED that the court's order, filed February 24, 1992, be discharged. It is
 
 
 3
 FURTHER ORDERED that the district court's order filed January 3, 1991, appealed from in Case No. 91-5043, be summarily affirmed substantially for the reasons stated by the district court. The order correctly dismissed all tort claims against individually-named defendants as barred by a three-year statute of limitations. It is
 
 
 4
 FURTHER ORDERED that the district court's order filed January 24, 1991, appealed from in Case No. 91-5068, be summarily affirmed. The district court did not abuse its discretion by denying appellant's motion to obtain transcripts of the January 3rd hearing. It is
 
 
 5
 FURTHER ORDERED that the district court's order filed June 3, 1991, appealed from in Case No. 91-5203, be summarily affirmed. The district court did not abuse its discretion by granting the Kennedy Center additional time to respond to appellant's motion to disqualify the U.S. Attorney. It is
 
 
 6
 FURTHER ORDERED that the district court's order filed July 8, 1991, appealed from in Case No. 91-5222, be summarily affirmed in part and remanded in part. The order is affirmed with respect to its dismissal of all tort claims against the Kennedy Center. As the district court stated, these claims are barred by a three-year statute of limitations. The order is vacated and remanded with respect to its dismissal of appellant's breach of contract claim. The district court did not afford pro se plaintiff Corto an "explanation of the risks attending failure to respond." See Fox v. Strickland, 837 F.2d 507, 509 (D.C.Cir.1988). Because the district court had issued a stay in the case until August 16, 1991, it appears that Corto may not have understood her obligation to file a timely substantive response to the Kennedy Center's motion. Although the district court did not treat the Center's motion as conceded, it treated the Kennedy Center's recitation of the facts as uncontested. It is
 
 
 7
 FURTHER ORDERED that all other motions filed in Case No. 91-5222 be dismissed as moot.
 
 
 8
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing.
 
 ORDER
 
 9
 July 16, 1993.
 
 
 10
 Upon consideration of the motion to refile petition for rehearing, the lodged petition for rehearing, and the motion to have pleadings brought before the court, it is
 
 
 11
 ORDERED that the motion to refile petition for rehearing be denied. Issuance or reissuance of the court's mandate is not an "order" of the court, and does not affect the time for filing a petition for rehearing, which runs from the date of entry of the court's judgment. See Fed. R. App. P. 40(a). The court's order disposing of these appeals was filed and entered on May 6, 1992; appellant's prior petition for rehearing was disposed of by order filed August 17, 1992. Accordingly, her renewed petition is long out-of-time. See D.C. Cir. Rule 15(a)(1) (petition for rehearing or suggestion for rehearing en banc must be filed within 30 days of judgment or decision in case involving private parties; within 45 days in case involving United States agency or officer). Further, even were appellant's renewed petition timely, her claim of new evidence, while perhaps cognizable in the district court in a motion for relief from judgment under Fed. R. Civ. P. 60(b), is not grounds for reconsideration of this court's prior decision. The Clerk is directed to return to appellant the lodged petition for rehearing. It is
 
 
 12
 FURTHER ORDERED that the motion to have pleadings brought before the court be dismissed as moot. Appellant may be assured that her pleadings have been given full consideration by the court in reaching this disposition.