**Jose A. FERREIRA, Plaintiff,**

v.

**DRUG ENFORCEMENT
ADMINISTRATION,
Defendant.**

**Civ. A. No. 92–2603 PLF.**

United States District Court,
District of Columbia.

Jan. 20, 1995.

Jose A. Ferreira, pro se.

Sherri L. Evans, Asst. U.S. Atty., Washington, DC, for defendant.

## MEMORANDUM OPINION AND JUDGMENT

FRIEDMAN, District Judge.

This matter comes before the Court on the Motion of Defendant Drug Enforcement Administration for Summary Judgment. Plaintiff is proceeding *pro se* in this Freedom of Information Act case.

The DEA filed its Summary Judgment Motion on October 19, 1994. Defendant asserts that it has provided Plaintiff with certain documents responsive to his FOIA request, but has invoked FOIA Exemptions 2, 7(C), 7(D) and 7(F), 5 U.S.C. § 552(b)(2), (7)(C), (7)(D) and (7)(F), to delete information from certain documents and to withhold certain others.

Exemption 2 protects from mandatory disclosure records "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). This Exemption "applies to 'routine matters' of 'merely internal significance' in which the public lacks any significant interest." *Lesar v. U.S. Dep't of Justice,* 636 F.2d 472, 485 (D.C.Cir.1980). In this case, Defendant withheld internal DEA markings and phrases regarding the treatment of and distribution of DEA documents, specifically narcotics and dangerous drugs information system numbers and geographical drug enforcement program codes. Declaration of William E. Bordley, DEA Freedom of Information Attorney–Advisor ("Bordley Decl.") ¶ 16.

▪ Exemption 7(C) protects from mandatory disclosure records compiled for law enforcement purposes to the extent that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). To determine whether plaintiff is entitled to the information withheld by the FBI pursuant to Exemption 7(C) requires a balancing between the privacy interests of those individuals whose identities might be disclosed and the public's interest in disclosure of that information. *Stern v. FBI,* 737 F.2d 84, 91 (D.C.Cir.1984). The DEA withheld names and identifying information of third parties such as DEA Special Agents and state and local law enforcement personnel because the release of these names and information would constitute an unwarranted invasion of privacy. Bordley Decl. ¶ 21.

Exemption 7(D) protects from mandatory disclosure records compiled for law enforcement purposes to the extent that disclosure

> could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal instigation ... information furnished by a confidential source.

5 U.S.C. § 552(b)(7)(D). "Under Exemption 7(D), the question is ... whether the particular *source* spoke with an understanding that the communication would remain confidential." *U.S. Dep't of Justice v. Landano,* —— U.S. ——, ——, 113 S.Ct. 2014, 2019, 124 L.Ed.2d 84 (1993) (emphasis in original). The DEA withheld names, identifying information and information provided by cooperating individuals under an express or implied assurance of confidentiality. Bordley Decl. ¶ 22.

Exemption 7(F) protects from mandatory disclosure records compiled for law enforcement purposes to the extent that disclosure "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F). The DEA withheld the names and identities of DEA Special Agents, Supervisory Special Agents, and other law enforcement officers, the disclosure of which could reasonably be expected to endanger their life or physical safety. Bordley Decl. ¶ 23.

On October 21, 1994, the Court instructed Plaintiff, consistent with *Fox v. Strickland,* 837 F.2d 507 (D.C.Cir.1988), that the failure to respond to Defendant's motion within 14 days of that order could result in the Court accepting Defendant's assertions as true and granting Defendant's motion. Plaintiff was also provided with the text of Rule 56(e), Fed.R.Civ.P., and informed that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453, 456 (D.C.Cir. 1992) (internal quotation omitted). Plaintiff requested an enlargement of time to respond to Defendant's Motion For Summary Judgment. The Court, by Order dated November 14, 1994, granted Plaintiff until January 6, 1995 to respond to Defendant's Motion.

 Under Rule 56(c), Fed.R.Civ.P., summary judgment may be rendered only when it is properly shown "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FOIA cases are susceptible to resolution on summary judgment, unless the "litigants quarrel over key factual premises for a determination." *Washington Post Co. v. Dep't of State,* 840 F.2d 26, 29 (D.C.Cir.1988). The Court may award summary judgment solely on the information provided by the government in affidavits or declarations that explain how requested information falls within a claimed exemption so long as the affidavits or declarations are sufficiently detailed, nonconclusory and submitted in good faith. *Goland v. CIA,* 607 F.2d 339, 352 (D.C.Cir.1978), *cert. denied,*

445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980). In order to show that there is a genuine issue as to any material fact, plaintiff's opposition must consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent evidence setting forth specific facts. Fed.R.Civ.P. 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

 Although Plaintiff had adequate notice of the consequences of his not responding to Defendant's motion and, by his motion for an enlargement of time, demonstrated that he understood the requirements of Rule 56, Fed.R.Civ.P., Plaintiff has not filed any affidavits, documentary evidence or other submissions contradicting Defendant's assertions. On the record before it, the Court therefore finds that the DEA is not required to disclose the information it has withheld and grants Defendant's Motion For Summary Judgment. Accordingly, it is hereby

ORDERED that Defendant's Motion For Summary Judgment be, and hereby is, GRANTED; it is

FURTHER ORDERED that judgment is entered in favor of Defendant; and it is

FURTHER ORDERED that this case shall be removed from the docket of the Court.

SO ORDERED.