Jairo PLAZAS–MARTINEZ, Plaintiff,

v.

**DRUG ENFORCEMENT ADMINISTRATION,**
Defendant.

Civ. A. No. 94–1854.

United States District Court,
District of Columbia.

June 6, 1995.

Jairo Plazas–Martinez, San Pedro, CA, pro se.

Sherri Lanette Evans, U.S. Attys. Office, Washington, DC, for defendant Drug Enforcement Admin.

## MEMORANDUM OPINION

SPORKIN, District Judge.

The issue in this case is whether the defendant properly invoked the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, exemption (b)(7)(D) to justify withholding certain documents requested by plaintiff.

*Background*

Plaintiff, a *pro se* prisoner, made his original FOIA request on July 31, 1993 for records pertaining to him. Defendant informed plaintiff by letter on October 14, 1993 that it would release certain documents and that it was withholding other material under the FOIA exemptions. On October 24, 1993 plaintiff appealed the initial DEA determination to the Office of Information Privacy, and defendant subsequently released further information to plaintiff. In total, 31 pages were processed by DEA; 16 pages were withheld;, 14 pages were provided with redactions; and one page was referred to the FBI, which eventually released it to plaintiff.

Plaintiff filed a complaint under the FOIA in this Court on August 25, 1994 requesting that the DEA turn over all the documents that it was withholding that are responsive to his FOIA request. On February 8, 1995 defendant filed a motion for summary judgment claiming that there were no material facts in dispute and that as a matter of law it had properly withheld information under Privacy Act Exemption (j)(2) and FOIA exemptions (b)(2), (b)(7)(C), (b)(7)(D) and (b)(7)(F).[1] In plaintiff's opposition, he appears to claim that there are material facts in dispute and he argues that exemption (b)(7)(D) was not properly applied.[2] He seeks an *in camera*

review of documents in dispute. Having considered the submissions of the parties, the Court will grant defendant's motion for summary judgment.

*Analysis*

■ Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Mere allegations or denials of the moving party's pleadings are not enough to prevent issuance of summary judgment. The adverse party's response to the summary judgment motion must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.Pro. 56(e).

The Supreme Court set forth the governing standards for issuance of summary judgment in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), in which the Supreme Court recognized the need for summary judgment to the fair and efficient functioning of the justice system:

> Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." Fed.Rule Civ.Proc. 1....

> Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

---

1. On May 8, 1995, this Court issued an order pursuant to the Court of Appeals' decisions in *Fox v. Strickland,* 837 F.2d 507 (D.C.Cir.1988), and *Neal v. Kelly,* 963 F.2d 453 (D.C.Cir.1992), informing the plaintiff of the possible consequences of failing to file a response, or a legally sufficient response, to defendant's motion.

2. Plaintiff does not contest any of defendant's other claimed exemptions. See Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 2.

*Id.* at 327, 106 S.Ct. at 2548. (citation omitted).

■ The non-moving party, is "required to provide evidence that would permit a reasonable jury to find" in its favor. *Laningham v. U.S. Navy,* 813 F.2d 1236, 1242 (D.C.Cir. 1987) (*per curiam*) (citing *Celotex, supra*). The moving party is entitled to summary judgment where "the non-moving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex* 477 U.S. at 323, 106 S.Ct. at 2552. Any factual assertions contained in affidavits and other evidence in support of the moving party's motion for summary judgment shall be accepted as true unless the facts are controverted by the non-moving party through affidavits or other documentary evidence. *See* Local Rule 108(h).

■ In resolving the summary judgment motion, all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202. The inferences, however, must be reasonable, and the non-moving party can only defeat a motion for summary judgment by responding with some factual showing to create a genuine issue of material fact. *Harding v. Gray,* 9 F.3d 150, 154 (D.C.Cir.1993).

■ Although it is not entirely clear from plaintiff's opposition, it appears that he is arguing that summary judgment is inappropriate because there is a genuine issue of material fact in dispute. Plaintiff takes exception to ¶ 12 of defendant's statement of material facts not in issue. ("[P]laintiff has been characterized in criminal investigatory records as the head of a criminal organization which distributed over 50 kilograms of cocaine in the Los Angeles, California area on a monthly basis.") He argues that the presentence report prepared for his sentencing describes him as a middleman rather than the head of a drug organization. Plaintiff's submission does create a dispute on an

issue of fact; it is not a *material* issue, however.

■ As far as the Court can tell, plaintiff is claiming that since he is a mere middleman, not the head of a large drug organization, there is no need to maintain the informant's confidentiality. Plaintiff is incorrect. Any dispute over the extent of plaintiff's role has no bearing as to whether the informant was confidential and whether exemption 7(D) applies. This information *might* bear on whether the Court should presume that an informant had an implied promise of confidentiality. But in this case, the defendant has submitted an affidavit asserting that the government expressly promised confidentiality to its informant. *See infra.*

*Exemption 7(D)*

■ The goal of the FOIA is to promote the disclosure of information by the federal government and its agencies. *See Charles River Park "A," Inc. v. Dept. of Housing and Urban Dev.,* 519 F.2d 935, 941 (D.C.Cir. 1975). Because of this goal the statutory exemptions under FOIA must be narrowly construed. *See Dept. of Air Force v. Rose,* 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976) (citing *Vaughn v. Rosen,* 484 F.2d 820, 823 (D.C.Cir.1973)). Exemption 7(D) applies to certain documents and records compiled for law enforcement purposes

> but only to the extent that the production of such law enforcement records or information ... could reasonably be expected to disclose the identity of a confidential source ... and in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation ... information furnished by a confidential source.

5 U.S.C. § 552(b)(7)(D).[3]

Plaintiff relies on language in the Supreme Court case *United States Dept. of Justice v. Landano,* — U.S. —, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993), for the proposition that an informant who intended to testify could never be considered confidential because he did

___

**3.** Plaintiff concedes that the requested records were compiled for law enforcement purposes.

*See* Plaintiff's Opposition to Defendant's Motion for Summary Judgment, at 4.

**4**

not speak "with an understanding that the communication would remain confidential." *See* Plaintiff's Opposition to Defendant's Motion for Summary Judgment, at 6 (quoting *Landano,* —— U.S. at ——, 113 S.Ct. at 2019). Plaintiff's reliance on *Landano* is misplaced. *Landano* deals only with the question of when an assurance of confidentiality can be *inferred* for purposes of (b)(7)(D). *See id.* —— U.S. at ——, 113 S.Ct. at 2020 ("The precise question before us, then, is how the Government can meet its burden of showing that a source provided information on an implied assurance of confidentiality.") In this case, defendant has submitted an affidavit from Leila Wassom, DEA Paralegal Specialist assigned to the Freedom of Information Section, asserting that plaintiff was given an *express* promise of confidentiality. *See* Supplemental Declaration of Leila I. Wassom ¶ 7. Given this information in the affidavit, there is no doubt that the informant must be considered confidential at the time of the express promise of confidentiality for purposes of (b)(7)(D).

Plaintiff further argues that (b)(7)(D) is inapplicable now, because even if the informant was confidential during the course of the investigation, he ceased to be confidential when he testified at plaintiff's trial. The *Landano* Court explicitly declined to address this question. *See id.* —— U.S. at ——, 113 S.Ct. at 2020. The Court of Appeals in this Circuit, however, has held that exemption (b)(7)(D) applies to information given by an informant who was confidential at the time, even if the informant later testifies at trial. *See Parker v. Dept. of Justice,* 934 F.2d 375 (D.C.Cir.1991). The holding in *Parker* governs this case; the government properly relied on exemption (b)(7)(D).[4] Accordingly, the government's motion for summary judgment is granted. An appropriate order follows.

---

**4.** *See Fant v. United States Dept. of Justice,* 92cv1688 (D.D.C. Hogan, J.) (relying on *Parker* after the Court of Appeals remanded the case for reconsideration in light of *Landano* ).