Frank JIMENEZ, Plaintiff,

v.

**FEDERAL BUREAU OF INVESTIGATIONS, et al., Defendants.**

Civil Action No. 95–1519.

United States District Court, District of Columbia.

Jan. 4, 1996.

Frank Jimenez, Oxford, WI, pro se.

Paul–Noel Chretien, Washington, DC, for F.B.I., U.S. Bureau of Prisons, U.S. Postal Service, Bureau of Alcohol, Tobacco & Firearms, Executive Office for United States Attorneys, United States Marshals Service, Criminal Division, Internal Revenue Service, Drug Enforcement Administration.

Karl J. Fingerhood, U.S. Department of Justice, Tax Division, Washington, DC, for Tax Div.

### MEMORANDUM OPINION AND ORDER

SPORKIN, District Judge.

This matter comes before the Court on defendants' motion to dismiss and motion for summary judgment. Plaintiff, who is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, is proceeding *pro se* in this matter.

## I. BACKGROUND

On July 13, 1995, plaintiff filed suit seeking to compel the release of documents from ten federal agencies, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a). In ten separate counts, plaintiff alleges the improper withholding of said documents. All ten defendants filed answers to the allegations on a timely basis; thus far, only the Tax Division of the Department of Justice (Count IV) and the Internal Revenue Service (Count IX) have filed motions for dismissal. A Fox Order [1] was issued to plaintiff, who did not oppose the motions. This memorandum addresses Counts IV and IX only.

## II. COUNT IV (Tax Division)

Plaintiff alleges that he submitted a request for "all information in connection to [sic] his name" to the Tax Division on April 8, 1995. Defendant asserts in the sworn statement of J. Brian Ferrel (the "*Ferrel* Declaration") that this letter was never received, and that defendant's first notice of the request was plaintiff's filing of an administrative appeal with the Office of Information and Privacy on June 19, 1995. The appeal was forwarded to defendant on August 7, 1995. Defendant wrote to plaintiff on August 28, 1995 requesting a description of the information sought by plaintiff, as well as a completed Identity Verification Form in order to ensure that plaintiff's request complied with administrative requirements. No response was ever received from plaintiff. Defendant moved for summary judgment on October 2, 1995 on the basis that plaintiff had failed to exhaust his administrative remedies.

It is well settled that, prior to taking legal action on an agency's failure to respond to a request for documents, an individual must first exhaust his or her administrative remedies. See, e.g., *Oglesby v. United States Department of the Army*, 920 F.2d 57, 60 (D.C.Cir.1990). While it would elevate form over substance to require slavish adherence to administrative procedures relating to FOIA requests, plaintiff must make an effort to comply with the procedural requirements set out in the Code of Federal Regulations

---

1. See *Fox v. Strickland*, 837 F.2d 507 (D.C.Cir. 1988).

prior to seeking a judicial remedy. Any requester of records must "describe those records in sufficient detail to enable Department [of Justice] personnel to locate the system of records containing the record with a reasonable amount of effort." 28 C.F.R. § 16.41. This plaintiff has not done. Furthermore, the Tax Division has received a number of similar requests from Oxford, WI, where plaintiff is incarcerated (*Ferrel* Declaration, ¶ 5). In several instances, the Tax Division has never received the initial request, and became aware of the request only upon the filing of an appeal. The precipitous filing of a lawsuit without making even a minimal effort to follow Justice Department guidelines cannot be sanctioned.

■ Dismissing this count without prejudice will enable plaintiff to go through the proper administrative channels to obtain the information he seeks; if he is not satisfied with the Tax Division's response, he is free to re-file this suit in the future.

### III. *COUNT IX (Internal Revenue Service)*

■ On April 8, 1995, plaintiff sent a request for "any and all documents and any type of information that your agency has or had in its possession that is in any way connected to, related to or even remotely in reference to his name" to the Internal Revenue Service ("IRS"). According to the sworn statements of Mary Lou Osowski, Disclosure Specialist for the IRS in Chicago (the "*Osowski* Declaration") and Lester D. Langell, Criminal Investigation Division Disclosure Coordinator for the IRS's Chicago District (the "*Langell* Declaration"), defendant asked that plaintiff amend his request to comply with agency guidelines. Plaintiff complied, stating that his records most likely would be found in the Criminal Investigation Division (CID). The IRS conducted a search of its CID database, and found nothing with plaintiff's taxpayer I.D. number on it (*Langell* Declaration, ¶ 4). The IRS so notified plaintiff.

Plaintiff does not actually allege a FOIA violation by IRS, but simply states in his complaint that "IRS is withholding information from plaintiff." This charge is unsupported by any evidence.

■ In a FOIA suit, the agency "must show beyond material doubt that it has conducted a search reasonably calculated to uncover all relevant documents. The issue is not whether any further documents might conceivably exist, but rather whether the government's search for responsive documents was adequate." *Weisberg v. United States Dept. of Justice,* 705 F.2d 1344, 1350 (D.C.Cir.1983), quoting *Perry v. Block,* 684 F.2d 121, 128 (D.C.Cir.1982). The IRS has fully discharged its obligations under the Freedom of Information Act by conducting a thorough search of its database (*Langell* Declaration, ¶ 4). The plaintiff is not entitled to any further relief as a matter of law.

### IV. *CONCLUSION*

Plaintiff has failed to show that there is a genuine issue for trial. Accordingly, defendants' motions for summary judgment are granted. An appropriate order follows.