**Bernadette MCGUIRE–RIVERA, Plaintiff,**

v.

**Donald L. EVANS, Secretary of Commerce, Defendant.**

**No. Civ.A. 01–1929(PLF).**

United States District Court, District of Columbia.

June 19, 2002.

Bernadette McGuire–Rivera, Arlington, VA, for plaintiff.

Stratton C. Strand, Assistant U.S. Attorney, Washington, DC, for defendant.

*MEMORANDUM OPINION AND ORDER*

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court on defendant's motion to dismiss or, in the alternative, for summary judgment. Because plaintiff is proceeding *pro se*, the Court issued an order as required by *Fox v. Strickland*, 837 F.2d 507 (D.C.Cir.1988) and *Neal v. Kelly*, 963 F.2d 453 (D.C.Cir. 1992), notifying plaintiff that she must re-

spond to defendant's dispositive motion. Plaintiff has filed an opposition and defendant has filed a reply in support of his motion. Because the Court has considered materials outside the pleadings to resolve the motion, it will treat this motion as one for summary judgment as provided in Rule 12(b) of the Federal Rules of Civil Procedure.

Plaintiff is a career member of the federal government's Senior Executive Service ("SES") and has worked at the Department of Commerce since 1995. In April 2000, Commerce conducted a mobility exercise in which it reassigned several career members of the SES to other positions within Commerce. At that time, Ms. McGuire–Rivera was an Associate Administrator for Telecommunications and Information Applications in the Department of Commerce's National Telecommunications and Information Administration ("NTIA"). She alleges that the failure of Commerce to reassign her to the position of Deputy Assistant Secretary ("DAS") of the NTIA constitutes sex discrimination and that the failure to designate her as Acting Assistant Secretary for NTIA in January 2001 constitutes a separate act of sex discrimination.

■ Defendant contends that plaintiff cannot make out a *prima facie* case of sex discrimination because she cannot demonstrate that she has suffered an adverse employment action as defined by the D.C. Circuit in *Brown v. Brody,* 199 F.3d 446 (D.C.Cir.1999). In *Brown v. Brody,* the court of appeals announced the following rule with respect to the standard for sustaining a claim that a lateral transfer violates Title VII:

[A] plaintiff who is made to undertake . . . a lateral transfer—that is, one in which she suffers no diminution in pay or benefits—does not suffer an actionable injury *unless* there are some other materially adverse consequences affecting the terms, conditions, or privileges of her employment or her future employment opportunities such that a reasonable trier of fact could conclude that the plaintiff has suffered objectively tangible harm.

*Id.* at 457 (emphasis added). With respect to plaintiff's first claim, defendant contends that she suffered no objectively tangible harm because the reassignment to the DAS position would not have resulted in a salary increase and because the reassignment would have been a purely lateral transfer and not a promotion as plaintiff contends.

While plaintiff concedes that the reassignment to the DAS position would not have resulted in an immediate pay increase, she argues that reassignment as the DAS of NTIA would have resulted in significant changes in her duties and responsibilities at Commerce. She argues that as the DAS for the NTIA, she would have had been given increased responsibilities and substantial managerial duties as a supervisor of the offices within the NTIA. As DAS, she would have reported directly to the Assistant Secretary of Commerce and would have had significant interaction with the Office of the Secretary of Commerce. She also maintains that these added responsibilities and the higher visibility of the DAS position would have provided her with opportunities for advancement in the federal government and the private sector.[1] Plaintiff also contends that reas-

---

1. This contention finds some support in the Final Agency Decision issued by the Office of Civil Rights for the Department of Commerce which stated that:

Although Complainant suffered no diminution in salary or other tangible benefits because of the DERB's decision, we found that she was aggrieved because career ser-

signment as the DAS of NTIA may have resulted in future pay increases or performance bonuses. *See* Pl.'s Opp., Exhibit F, January 10, 2000, Memorandum from Debra M. Tomchek, Director for Human Resources Management, Department of Commerce to Department of Commerce Senior Executives.

These are precisely the types of materially adverse consequences that the court of appeals had in mind in describing those consequences that might support a claim. While "lateral transfer or the denial thereof, *without more*, does not constitute an adverse employment action," *Stewart v. Evans*, 275 F.3d 1126, 1135 (D.C.Cir.2002) (emphasis added), plaintiff does not allege only that she was denied a purely lateral transfer. She alleges that the failure to provide the transfer had certain additional adverse consequences which, if proven, could lead a reasonable trier of fact to conclude that the she suffered objectively tangible harm. *See Stewart v. Evans*, 275 F.3d at 1135; *Brown v. Brody*, 199 F.3d at 457. Moreover, she has alleged—and has produced supporting material to suggest—that she has suffered the type of objective harm envisioned by the court of appeals when it referred in *Brown* to "materially adverse consequences affecting ... *future employment opportunities.*" *Brown v. Brody*, 199 F.3d at 457 (emphasis added). The Court therefore denies summary judgment on this claim.

■ Plaintiff's second claim is that the failure of the Department of Commerce to name her as the Acting Secretary for the

NTIA constitutes sex discrimination. The court of appeals, however, has concluded (adopting the reasoning of Judge Huvelle) that the "denial of this type of temporary designation is not an adverse employment action." *Stewart v. Evans*, 275 F.3d at 1135; *see Taylor v. FDIC*, 132 F.3d 753, 764–65 (D.C.Cir.1997). Plaintiff argues that her case is distinguishable from *Stewart* and *Taylor* because the DAS position description provides that "[t]he Deputy Administrator shall perform the functions of the Administrator in the latter's absence or disability or in the event of a vacancy in that office." Pl.'s Opp., Ex. K, Description of the NTIA, at 1. The Court rejects plaintiff's argument. While this document might be viewed as additional support for her argument that her non-assignment as the DAS of NTIA was an adverse employment action, the Court must conclude under the relevant case law that the failure to name her Acting Secretary was not in and of itself an adverse employment action. Accordingly, it is hereby

ORDERED that defendant's motion to dismiss [13–1] is DENIED; it is

FURTHER ORDERED that defendant's motion for summary judgment [13–2] is GRANTED in part and DENIED in part; it is

FURTHER ORDERED that JUDGMENT is entered for defendant on plaintiff's claim of discrimination based on the failure of the Department of Commerce to name her as Acting Secretary of NTIA in January 2001 and the claim is DIS-

---

vice DAS positions are rare and therefore especially prized. "If there is a significant change in the status of the position because the new title is less prestigious and thereby effectively constitutes a demotion, a tangible employment action [will] be found." *Enforcement Guidance on Vicarious Employer Liability for Unlawful Harassment by Supervisors*, Notice 915.002 (June 1999).

Pl.'s Brief in Opp. to Def.'s Mot. to Dismiss, or in the Alternative, for Summary Judgment ("Pl.'s Opp."), Ex. 1, June 5, 2001, Final Agency Decision Without a Hearing, at 6 n. 5; *see also* Pl.'s Opp., Ex. E, Department of Commerce Organizational Chart.

MISSED from this case. Plaintiff may proceed with her claim that the failure to name her as Deputy Assistant Secretary of NTIA was discrimination based on sex; and it is

FURTHER ORDERED that a status conference is scheduled for July 9, 2002 at 1:45 p.m. to discuss how to proceed in this case. On or before July 3, 2002, the parties shall submit a joint report discussing the matters set forth in Rule 16.3 of the Local Civil Rules.

SO ORDERED.