# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARK A. KORNMANN, *et al.*,       :

                                 :

      Plaintiffs,              :        Civil Action No.:     14-01677  (RC)

                                 :

      v.                       :        Re Document No.:   3

                                 :

JONATHAN JOHNSON, *et al.*,       :

                                 :

      Defendants.             :

## ORDER

### GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO DISMISS AND FOR SANCTIONS

On October 8, 2014, Defendant Jonathan Johnson filed a notice of removal from the Superior Court of the District of Columbia. *See* ECF No. 1. On October 11, 2014, Plaintiffs Mark A. Kornmann and Calvin Gerald-Kornmann filed a motion to dismiss for lack of jurisdiction or, in the alternative, to remand to the Superior Court, and for sanctions under Federal Rule of Civil Procedure 11. *See* ECF No. 3. The response from Mr. Johnson, who is proceeding *pro se*, was due on October 27, 2014. *See* Fed. R. Civ. P. 6(a)(1); D.D.C. Civ. R. 7(b).

On November 7, 2014, this Court opted not to treat Plaintiffs' motion as conceded under Local Civil Rule 7(b), but instead advised Mr. Johnson of his obligations under the Federal Rules of Civil Procedure and the Local Civil Rules and ordered him to respond to Plaintiffs' motion on or before December 8, 2014. *See* ECF No. 4; *Neal v. Kelly,* 963 F.2d 453 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) (per curiam). The Court explained that if Mr. Johnson failed to respond to Plaintiffs' motion, the Court may treat the motion as conceded,

grant the motion, remand this action to the Superior Court of the District of Columbia, and impose monetary sanctions. *See* ECF No. 4.

December 8, 2014, has now passed, and Mr. Johnson has not responded to Plaintiffs' motion. The Court therefore treats as conceded Plaintiffs' argument that this Court lacks subject-matter jurisdiction, on grounds that the parties are not completely diverse. *See* 28 U.S.C. § 1332(a).

Notwithstanding Mr. Johnson's failure to respond, the Court denies Plaintiffs' request for sanctions under Rule 11. *See* Fed. R. Civ. P. 11. While the Court does not look favorably upon Mr. Johnson's removal of this action two days after entry of judgment in the Superior Court, *see* Pls.' Ex. A, Plaintiffs have not met their burden of demonstrating that the "extreme punishment" of Rule 11 sanctions is warranted here, *Naegele v. Albers*, 355 F. Supp. 2d 129, 144 (D.D.C. 2005). Additionally, the Court recognizes that Mr. Johnson "is a *pro se* [defendant] who lacks the training possessed by a licensed attorney." *Dorsey v. Am. Express Co.*, 680 F. Supp. 2d 250, 255 (D.D.C. 2010). The Court thus exercises its discretion to deny Plaintiffs' request for Rule 11 sanctions.

Accordingly, Plaintiffs' motion to dismiss or, in the alternative, to remand to the Superior Court and for sanctions (ECF No. 3) is **GRANTED IN PART and DENIED IN PART**. It is hereby **ORDERED** that this action is remanded to the Small Claims Branch of the Superior Court of the District of Columbia.

**SO ORDERED.**

Dated:  December 9, 2014                                              RUDOLPH CONTRERAS
                                                                                  United States District Judge