# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CHRISTOPHER MATTHEW BAIR,      :

     :

     Plaintiff,      :      Civil Action No.:     14-1257 (RC)

     :

     v.      :      Re Document No.:     13

     :

OBAMA ADMINISTRATION,      :

     :

     Defendant.      :

## MEMORANDUM & ORDER

### GRANTING DEFENDANT'S MOTION TO DISMISS

On July 23, 2014, *pro se* Plaintiff Christopher Matthew Bair filed a complaint alleging that the Obama Administration ("Defendant") had conspired against him and his family and committed gross negligence. *See generally* Compl., ECF No. 1. On December 11, 2014, Defendant filed a motion to dismiss for lack of jurisdiction and, alternatively, for failure to state a claim. *See* ECF No. 13. For the reasons below, the Court grants Defendant's motion.

"[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal quotation marks and citation omitted). Hence a complaint "may be dismissed on jurisdictional grounds when it 'is "patently insubstantial," presenting no federal question suitable for decision.'" *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). Although a *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), it too, must present a claim over which this Court can exercise its jurisdiction, *see Howerton v. Ogletree*, 466 F. Supp.

2d 182, 183 (D.D.C. 2006) (dismissing for lack of jurisdiction *pro se* plaintiff's complaint that failed to present a federal question or to invoke diversity jurisdiction).

Because Mr. Bair's complaint fails to meet these standards, this Court is without jurisdiction to hear his case. Throughout, the eighteen-page complaint advances claims that are fanciful, at best. *See* Compl. 4 (alleging a "criminal, foreign, and undemocratic scandal that has been targeted upon [his] family"); *id.* at 5 (alleging that he is "surrounded by a number of impostor family members"); *id.* at 5, 8–15 (accusing the President of "intentional Gross Neglect" for permitting Hillary Clinton and his agents to harass and assault him); *id.* at 16–17 (alleging that the President "possibly committed a number of acts of violence against [his] offspring, or even most possibly against a love one of [his] own" and then tried to conceal bloody clothing). In places, the complaint is incomprehensible. *See, e.g.*, Compl. 18 (requesting monetary relief "and due equivialancal rightage for their personal injuries and detericviouse actions upon me"). No matter how charitably the complaint is construed, it must be dismissed for want of jurisdiction because it "is patently insubstantial, presenting no federal question suitable for decision." *Tooley*, 586 F.3d at 1009 (internal quotation marks and citation omitted); *see also Hagans*, 415 U.S. at 536–37.

Additionally, Mr. Bair has conceded Defendant's motion to dismiss by his failure to respond to the motion by February 4, 2015. *See* ECF No. 14. Although Mr. Bair had missed the original response deadline of December 26, 2014, *see* Fed. R. Civ. P. 6(a); D.D.C. Civ. R. 7(b), on January 5, 2015, the Court opted not to treat Defendant's motion as conceded, *see* D.D.C. Civ. R. 7(b). Instead, the Court advised Mr. Bair, who is proceeding *pro se*, of his obligations under the Federal Rules of Civil Procedure and the Local Civil Rules. *See Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) (per curiam) (holding that a district court must take pains to advise a

*pro se* party of the consequences of the failure to respond to a dispositive motion); *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir. 1992).  In the same order, the Court ordered Mr. Bair to respond to Defendant's motion on or before February 4, 2015, and explained that if Mr. Bair failed to do so, the Court could treat the motion as conceded, grant the motion, and dismiss his case.  *See* ECF No. 14.  February 4, 2015, has now passed, and Mr. Bair has still not responded to the motion or provided a more definite statement of his claims.

Mr. Bair's complaint is too insubstantial to invoke this Court's jurisdiction, and he has conceded Defendant's motion to dismiss.  Accordingly, it is hereby **ORDERED** that Defendant's motion to dismiss (ECF No. 13) is GRANTED.  It is **FURTHER ORDERED** that Mr. Bair's complaint is dismissed.

**SO ORDERED.**

Dated:  February 24, 2015                    RUDOLPH CONTRERAS
                                                United States District Judge