**Dartis Exzolus WILLIS, Plaintiff,**

v.

**GREEN TREE SERVICING, LLC and Citimortgage, Defendants.**

**Civ. Action No. 14–1544 (EGS)**

United States District Court,
District of Columbia.

Signed March 5, 2015

Dartis Exzolus Willis, Royal Oak, MI, pro se.

Joseph Jason Patry, Blank Rome, LLP, Washington, DC, Adam Marc Kaplan, BWW Law Group, LLC, Rockville, MD, for Defendants.

## MEMORANDUM ORDER

Emmet G. Sullivan, United States District Judge

Plaintiff Dartis Willis brings this *pro se* action regarding a property located in Royal Oak, Michigan. The Complaint, while far from a model of clarity, raises challenges regarding a mortgage on that property and a foreclosure action related to that property. The defendants, Green Tree Servicing, LLC and Citimortgage, have moved to dismiss on the grounds that this Court is not the proper venue for this lawsuit because no defendant is a resident of the District of Columbia and the real property at issue is located in the Eastern District of Michigan, making that Court the appropriate venue. The defendants also argue that the Complaint fails to state a claim for which relief may be granted.

In connection with each motion to dismiss, the Court issued an Order informing plaintiff of the need to respond to the motions to dismiss and the consequences of failing to do so. *See* Order, ECF No. 8; Order, ECF No. 11; *Fox v. Strickland,* 837 F.2d 507 (D.C.Cir.1988); *Neal v. Kelly,* 963 F.2d 453 (D.C.Cir.1992). Plaintiff's opposition to the motions to dismiss does not meaningfully contest the defendants' arguments regarding venue. *See* Pl.'s Opp., ECF No. 12.

■ A motion to dismiss for improper venue is governed by Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a). Those provisions permit a Court to dismiss a lawsuit "when venue is 'wrong' or 'improper.'" *Atl. Marine Const. Co. v. U.S. District Court for the W. District of Tex.,* —— U.S. ——, 134 S.Ct.

568, 577, 187 L.Ed.2d 487 (2013). In considering a Rule 12(b)(3) motion, "the Court accepts the plaintiffs' well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in plaintiffs' favor, and resolves any factual conflicts in the plaintiffs' favor." *Avila v. CitiMortgage, Inc.,* 45 F.Supp.3d 110, 116–17 (D.D.C.2014) (quotation marks and alterations omitted).

The question whether venue is proper "is generally governed by 28 U.S.C. § 1391." *Atl. Marine Const.,* 134 S.Ct. at 577. Section 1391 provides that a lawsuit "may be brought in" a judicial district: (1) "in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

■ The defendants argue that venue cannot be proper in the District of Columbia because "none of the defendants reside in the District of Columbia, the real property at issue is not in the District of Columbia, none of the alleged acts committed by defendants occurred in the District of Columbia, and venue is available in another district." Citi Mot. to Dismiss, ECF No. 10 at 5; *see also* Green Tree Mot. to Dismiss, ECF No. 7 at 2–3. Indeed, the "Property in this case is located in the Eastern District of Michigan," making "venue ... available and appropriate in that district." Citi Mot. to Dismiss, ECF No. 10 at 5. Plaintiff has failed to controvert these assertions, but in any event they are correct: No allegations have been

made to support venue anywhere but the Eastern District of Michigan, where the relevant property is located. Venue in this case is accordingly improper in the District of Columbia.

 When venue is improper, the Court may, "if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision whether to transfer is committed to the sound discretion of the Court, but the interest of justice generally favors transferring a case to an appropriate forum. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); *Ebron v. Dep't of the Army*, 766 F.Supp.2d 54, 58 (D.D.C.2011); *Walden v. Locke*, 629 F.Supp.2d 11, 14 (D.D.C.2009); *James v. Booz–Allen Hamilton, Inc.*, 227 F.Supp.2d 16, 20 (D.D.C.2002). A plaintiff who is proceeding *pro se*, moreover, "merit[s] additional leniency" in deciding whether a case should be transferred. *McQueen v. Harvey*, 567 F.Supp.2d 184, 188 (D.D.C. 2008); *see also Coltrane v. Lappin*, 885 F.Supp.2d 228, 236 (D.D.C.2012); *James v. Verizon Servs. Corp.*, 639 F.Supp.2d 9, 15 (D.D.C.2009).

Defendants urge the Court to dismiss this action outright, due to plaintiff's alleged failure to state a claim. The Court recognizes that plaintiff's Complaint is not the model of clarity. The Court, however, declines to reach defendants' arguments in favor of dismissal, in favor of permitting the *pro se* plaintiff a chance to make his case before the appropriate court, located in the Eastern District of Michigan. *See Coltrane*, 885 F.Supp.2d at 236 (choosing to transfer in light of concerns that the Court was an inappropriate forum, plaintiff was proceeding pro se, and the fact that "this lawsuit has no discernible connection to the District of Columbia").

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** defendants' motions to dismiss, and **TRANSFERS** this case to the United States District Court for the Eastern District of Michigan. An appropriate order accompanies this Memorandum.

**SO ORDERED.**