# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| |
|---|
| **ELESTER MIDDLEBROOK**, |
| Plaintiff, |
| v. |
| **DEPARTMENT OF JUSTICE**, |
| Defendant. |

Case No. 17-cv-02500 (CRC)

## MEMORANDUM OPINION

In October 2016, *pro se* plaintiff Elester Middlebrook submitted a Freedom of Information Act ("FOIA") request to the Executive Office for United States Attorneys ("EOUSA") seeking a single document:

> A copy of the FDIC Certificate for Wachovia Atlanta Money Center loacated [sic] at 4745 Aviation parkway in Clayton County Georgia that is a part of AUSA Thomas A. Delvin's Case file in the Northern District of Georgia in my case No. 1:03-cr-00431-TWY.

Compl. Ex. 1, ECF No. 1, at 9. In December 2016, EOUSA requested that the U.S. Attorney's Office ("USAO") for the Northern District of Georgia search for any responsive records. Smith Decl. ¶ 7. In February 2017, Middlebrook sent EOUSA a "notice of tardiness" in responding to his request, Compl. Ex. 4, at 13, and, the next month, EOUSA requested a status report from the USAO. Smith Decl. ¶ 11.

Yvette Comer is a legal assistant responsible for preparing that office's responses to FOIA requests. Decl. of Yvette Comer ("Comer Decl."), ECF No. 9-1, at ¶ 1. Spurred by the EOUSA's March 2017 request for a status report, Comer requisitioned Middlebrook's closed criminal case file, id. ¶ 6, which consisted of four banker's boxes of paper records, id. ¶ 7.

Done with waiting, Middlebrook filed this civil action in November 2017. He challenges EOUSA's improper withholding of agency records, Compl. ¶¶ 16–19, and failure to meet FOIA deadlines, id. ¶¶ 20–23.

After additional nudging from EOUSA in November 2017, Smith Decl. ¶ 13, Comer reviewed every page in the boxes but did not find the document Middlebrook sought, Comer Decl. ¶ 7. She also contacted the Assistant U.S. Attorney who prosecuted Middlebrook's case; he too searched the boxes and came up empty. Id. At the time Middlebrook was prosecuted, the USAO maintained only paper files. Id. ¶ 8. Comer communicated the results of her search to EOUSA on January 11, 2018. Id. ¶ 9–10. EOUSA in turn informed Middlebrook that his record request produced no responsive documents or records. Smith Decl. ¶ 15.

DOJ then moved for summary judgment in February 2018 on the basis that the agency conducted a reasonably adequate search for responsive documents, even though none were located. See Def.'s Mot. Summ. J. ("MSJ"), ECF No. 8, at 3. When Middlebrook did not timely respond by August 2018, the Court issued a standard "Fox/Neal" Order,[1] advising Middlebrook that if he did not respond by September 21, 2018, the Court may deem the matter as conceded. See Order, ECF No. 10. Still, Middlebrook did not file an opposition. Instead, he sought an extension until October 9, 2018, to file his response to the government's motion. See Pl.'s Mot. Extension Time, ECF No. 11. Because Middlebrook has had more than seven months to respond to DOJ's motion for summary judgment, the Court will deny his request for an extension.

---

[1] See Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988); Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992).

Although Middlebrook's failure to respond permits the Court to treat the motion as conceded, the Court will instead reach the merits and determine whether DOJ is entitled to summary judgment. The Court concludes that it is.

A FOIA requester who is dissatisfied with an agency's no-records response "may . . . challenge the adequacy of the agency's search." Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 67 (D.C. Cir. 1990). To obtain summary judgment and establish the adequacy of its search under FOIA, the agency must simply "show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Id. at 68. A declaration that "adequately describe[s] the search" with "reasonable detail" will satisfy this burden. Id.

DOJ has done that here. It has submitted declarations from an EOUSA Attorney-Advisor, Theodore B. Smith, who handles FOIA requests for EOUSA, and the legal assistant, Yvette Comer, who conducted the search in the U.S. Attorney's Office for the Northern District of Georgia. Smith and Comer recount the search described above, which strikes the Court as both reasonable and thorough. In addition, according to Comer, there is nowhere else to search: at the time Middlebrook was prosecuted, the Northern Georgia AUSO maintained only paper case files and both she and the AUSA in Middlebrook's case have put eyes on each page.

These declarations are "accorded a presumption of good faith," SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991), unless "called into question by contradictory evidence in the record or by evidence of agency bad faith," Consumer Fed'n of Am. v. Dep't of Agric., 455 F.3d 283, 287 (D.C. Cir. 2006). There is no such evidence here.

Accordingly, the Court will grant DOJ's motion for summary judgment and enter judgment in its favor.  An Order accompanies this Memorandum Opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date:  September 24, 2018