**James H. NEAL, Appellant,**

v.

**Sharon Pratt KELLY, Mayor, et al., Appellees.**

**No. 90–7071.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 10, 1992.

Decided May 19, 1992.

Robert Raben (appointed by the Court as amicus curiae), with whom Geoffrey Aronow, Washington, D.C., was on the brief, for appellant.

James H. Neal was on the brief, pro se.

James C. McKay, Jr., Attorney, Office of Corp. Counsel, Washington, D.C., for appellees. John Payton, Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Rosalyn Calbert Groce, Asst. Corp. Counsel, Washington, D.C., were on the brief for appellees. Lutz Alexander Prager, Attorney, Office of Corp. Counsel, Washington, D.C., also entered an appearance for appellees.

Before: MIKVA, Chief Judge; and D.H. GINSBURG and SENTELLE, Circuit Judges.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

James H. Neal, a prisoner at Lorton, appeals from a summary judgment dismissing his complaint for civil rights violations under 42 U.S.C. § 1983. Because we conclude that Neal did not receive adequate notice that the matter was before the district court for summary judgment, and because the district court did not treat Neal's verified complaint as an affidavit for summary judgment purposes, we reverse and remand.

### I. FACTUAL BACKGROUND

Neal filed his complaint on November 2, 1988 in the United States District Court for the District of Columbia, alleging that he had been beaten by a guard and subsequently summarily transferred to administrative segregation, in violation of his constitutional rights to due process, equal protection and protection against cruel and unusual punishment.[1] He filed the complaint on a form questionnaire headed:

---

1. Neal proceeded *pro se*, although assisted by another inmate apparently more experienced in jailhouse litigation. Neal continues to appear *pro se* throughout the proceedings. On appeal, both the parties and the court have had the benefit of the invaluable assistance of the vol-

COMPLAINT FOR VIOLATION OF CIV-IL RIGHTS INSTRUCTIONS FOR FILING A COMPLAINT BY A PRIS-ONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

The filing included a five-page statement of alleged facts setting forth, *inter alia*, the details of the guard beating Neal and the summary transfer to administrative segregation.

On November 7, through some inadvertence, the district court entered an "Order Directing Respondent to Show Cause," within fifteen days, "Why the Writ of Habeas Corpus Should Not Issue." Whether misled by the court's inadvertence or for some other reason, on December 8, 1988, the District of Columbia Corporation Counsel filed a response to the order continuing to treat the action not as a civil action under 42 U.S.C. § 1983 but as a Petition for Writ of Habeas Corpus. The Corporation Counsel asserted that the court was without jurisdiction to hear the "petition" and that the "petitioner's" claim was a frivolous one. He therefore requested "that the petition for Writ of Habeas Corpus be denied and that the Order to Show Cause issued thereon be dismissed." On January 30, 1989, Corporation Counsel refiled the response to the show cause order, this time accompanied by affidavits from prison officials, along with other exhibits, supporting the proposed conclusion that plaintiff's action was without factual merit.

On January 31, 1989, the district court entered another order to show cause, this time directing Neal to show cause why his claim should not be dismissed for lack of merit. The order did not inform Neal under what rule the court was proceeding, did not provide him with instructions as to how he should respond, and did not tell him the consequences of failing to respond. Specifically, the order did not inform Neal that the court was proceeding to treat the District's filing as a motion for summary judgment pursuant to Fed.R.Civ.P. 56.

After obtaining one extension of time before response, on March 6, 1989, Neal filed opposition to "Defendants [sic] Request for Dismissal," along with an accompanying memorandum. The memorandum does not artfully present an exposition of issues or legal argument in support of Neal's claim, but read generously it addresses the impropriety of the original characterization of his claim as one of habeas corpus, and expresses his position that his claim for excessive force had been left unaddressed. Neal's response did not suggest that he understood the significance of the exhibits and affidavits accompanying the defendants' filing.

On February 20, 1990, Neal attempted to commence discovery in the case by filing a set of interrogatories and a request for production of documents. Defendants did not respond, but on March 26, 1990, the court filed an order granting summary judgment in favor of defendants, accompanied by a Memorandum Opinion. In the final order, the court stated that, because "this court is relying on matters outside the pleadings ... defendants' motion to dismiss will be treated as a motion for summary judgment. Fed.R.Civ.P. 12(b)(6)." This is the first mention of summary judgment in the record of the case. In disposing of the case, the court found that "[a]lthough plaintiff has had ample time to supplement the record, he has failed to do so," and concluded that "plaintiff's unsupported allegations cannot withstand defendants' motion for summary judgment." *Neal v. Barry*, No. 88–3169, slip op. at 3 (D.D.C. filed Mar. 26, 1990).

## II. ANALYSIS

### A. *The Failure of Notice*

 We think the conclusion inescapable that we must reverse the granting of summary judgment and remand this case for further proceedings. The district court was correct that "if, on a [12(b)(6)] motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided

unteer members of the bar listed as *amicus* above.

in Rule 56." Fed.R.Civ.P. 12(b). We further agree with the district court's implicit conclusion that the filing need not be labelled as a motion made under 12(b)(6) for that procedure to apply. *See Lewis v. Faulkner,* 689 F.2d 100, 101 (7th Cir.1982). But the difficulty is that Rule 12(b) does not end with the quoted language. Under the Rule, the motion is to be disposed of as provided in Rule 56 only after *"all parties [are] ... given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."* (Emphasis added.) This crucial condition was not met in the present case.

In *Lewis,* the Seventh Circuit considered a case strikingly similar to this one. Plaintiff Lewis was, like Neal, an incarcerated convict. Like Neal, he filed *pro se* a complaint under 42 U.S.C. § 1983 against prison officials alleging a denial of due process in a disciplinary proceeding. At this point the facts diverge slightly, but only in a way that makes Lewis's case a weaker one than Neal's. There, the officials filed an appropriately styled motion asking dismissal of the complaint under Rule 12(b)(6), or in the alternative, summary judgment. That motion, like the present filing, was accompanied by affidavits contradicting facts alleged in the complaint. Neither the motion papers nor any instructions from the court informed Lewis—as no motion papers or instructions from the court informed Neal here—of the consequence of his failing to counter the defendant's affidavit with affidavits of his own.

In sum, Lewis, like Neal, did not receive the notice required by Rule 12(b). There, as we noted, the motion papers did mention summary judgment, though neither there nor here did the papers cite Rule 56. Thus, the plaintiff in *Lewis,* if anything, had greater notice than the plaintiff in the present case.

 The Seventh Circuit held in *Lewis,* and we hold here, that

irrespective of any implications of the due process clause of the Fifth or Fourteenth Amendments, ... a district court cannot properly act on a motion for summary judgment without giving the opposing party a reasonable opportunity to submit affidavits that contradict the affidavits submitted in support of the motion and demonstrate that there is a genuine issue of material fact.

689 F.2d at 101. We further agree with our sibling circuit that the "reasonable opportunity presupposes notice," and that "[m]ere time is not enough, if knowledge of the consequences of not making use of it is wanting." *Id.* at 102.

 We think this general principle is especially applicable to litigants like Neal. As the *Lewis* court concluded, "a prisoner ... not represented by counsel is entitled to receive notice of the consequences of failing to respond with affidavits to a motion for summary judgment." *Id.* at 102.

This is consistent not only with the law of other circuits, *see, e.g., Roseboro v. Garrison,* 528 F.2d 309, 310 (4th Cir.1975), and *Whiting v. Maiolini,* 921 F.2d 5 (1st Cir. 1990), but also our own precedent. In *Hudson v. Hardy,* 412 F.2d 1091, 1094 (D.C.Cir.1968), we held that the district court should have provided the plaintiff in that case, a prisoner proceeding *pro se,* with "as a bare minimum ... fair notice of the requirements of the summary judgment rule."

 We would further stress, as we did in *Hudson,* that mere technical notice of the requirements of the summary judgment rule "cannot be expected in every case fully to compensate for the handicaps resulting from detention and indigency." *Id.* at 1094–95. Therefore, we hope that in future cases, counsel for incarcerating governmental defendants will assist district judges in bearing their burden by including in motions for summary judgment directed at actions by *pro se* plaintiffs,

a short and plain statement that any factual assertion in the movant's affidavits will be accepted by the district judge as being true unless the plaintiff submits his own affidavits or other documentary evidence contradicting the assertion. The text of Rule 56(e) should be part of the notice, but in addition to rather than

instead of the statement in ordinary English that we are requiring.

*Lewis,* 689 F.2d at 102.

If counsel for the defendants fail to provide the appropriate notice, then it is the district judge's responsibility to do so. We hope that this will not be a frequent necessity, however. We trust that Corporation Counsel, the United States Attorney, and any affected Department of Justice attorneys will be ready and willing to carry this load, and we have no doubt that they are able.

■ In short, we conclude that because the *pro se* prisoner did not have adequate notice of the court's intention to treat the District's filing as a Rule 12(b)(6) motion converted into a Rule 56 motion for summary judgment, we must reverse the grant of that summary judgment and remand the case for continued proceedings.

## B. *The Appellant's "Affidavit"*

■ As further district court proceedings will now occur, we offer briefly our view on appellant's other allegation of error—an issue likely to recur on remand. The district court treated appellees' evidence as being wholly uncontradicted by Neal, despite plainly contradictory allegations in Neal's verified complaint. The allegations in Neal's verified complaint should have been considered on the motion for summary judgment as if in a new affidavit.

Rule 56 contemplates that the summary judgment motion shall be accompanied and opposed by "[s]upporting and opposing affidavits ... made on personal knowledge, [which] shall set forth such facts as would be admissible in evidence...." Fed. R.Civ.P. 56(e). Verification is defined as "[c]onfirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition." BLACK'S LAW DICTIONARY 1400 (5th ed. 1979). Neal verified the complaint under the statutory substitute for the taking of an oath, declaring "under penalty of

perjury ... that the foregoing is true and correct," and dating his signature. *See* 28 U.S.C. § 1746(1) (1991). Thus, the complaint was verified and constituted an affidavit.

Every circuit that has faced this issue has treated verified complaints as acceptable opposition to a motion under Rule 56 for summary judgment. As the First Circuit has stated:

There is some uncertainty as to whether, or when, a verified complaint can serve in lieu of an affidavit for purposes of opposing a summary judgment motion.... We think the better rule is that a verified complaint ought to be treated as the functional equivalent of an affidavit to the extent that it satisfies the standards explicated in Rule 56(e)....

*Sheinkopf v. Stone,* 927 F.2d 1259, 1262 (1st Cir.1991) (citations omitted). Other circuits are in accord.[2] The Fifth, Sixth, Seventh and Ninth Circuits have all held as well that a verified pleading functions as an affidavit when it meets the standards of Rule 56(e). *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.,* 831 F.2d 77, 80 (5th Cir.1987); *Fowler v. Southern Bell Telephone & Telegraph Co.,* 343 F.2d 150, 154 (5th Cir.1965); *Hooks v. Hooks,* 771 F.2d 935, 945 (6th Cir.1985); *Khan v. Garanzini,* 411 F.2d 210, 212–13 (6th Cir.1969); *Carroll v. Sielaff,* 514 F.2d 415, 417 (7th Cir.1975); *McElyea v. Babbitt,* 833 F.2d 196, 197–98 (9th Cir.1987).

The Ninth Circuit decision, *McElyea,* closely parallels the present action. There a prisoner had also filed a § 1983 action against prison officials. In response to defendants' motion to dismiss and accompanying affidavits, the district court granted summary judgment in favor of defendants. The Ninth Circuit reversed because the district court had ignored the factual allegations made in the complaint: "McElyea's complaint has been verified; because it is based on personal knowledge and sets forth specific facts admissible in evidence,

---

**2.** *See also* 6 MOORE'S FEDERAL PRACTICE ¶ 56.11[3] at 56–133 (1992): "To the extent that a verified pleading meets the requirements of an affidavit set out in Rule 56(e), then it may properly be considered as equivalent to a supporting or opposing affidavit, as the case may be." (Footnotes omitted.)

it may be considered in opposition to summary judgment." *McElyea,* 833 F.2d at 197; *accord Lew v. Kona Hospital,* 754 F.2d 1420, 1423 (9th Cir.1985) ("[a] verified complaint may be treated as an affidavit to the extent that the complaint is based on personal knowledge and sets forth facts admissible in evidence"); *see also Runnels v. Rosendale,* 499 F.2d 733, 734 n. 1 (9th Cir.1974). Likewise here.

We have deliberately avoided reciting herein the specific allegations Neal makes. We take these pains, because, since the district court's decision, the Supreme Court has spoken in *Hudson v. McMillian,* —— U.S. ——, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), on the requisites for a § 1983 action alleging cruel and unusual punishment. We think the course of litigation will be best served if the district court has the first chance at applying that decision to the allegations before the court.

### III. CONCLUSION

For the reasons set forth above, we conclude that the district court erred first in granting summary judgment against a *pro se* prison litigant in a civil action without adequate notice and, second, in failing to treat the verified complaint as an affidavit. We therefore reverse the grant of the summary judgment and remand the case for further proceedings consistent with this opinion.

*It is so ordered.*