**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 19, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

DONALD EUGENE HALPIN,

Plaintiff-Appellant,

v.

CHARLES E. SIMMONS, Secretary of Kansas Department of Corrections; MICHAEL W. MOORE, Secretary of Florida Department of Corrections; ROBERT M. PORTER, Interstate Compact Coordinator for Florida Department of Corrections; PATTI DYESS, Assistant Administrator for Florida Department of Corrections; ELLEN B. ROBERTS, Classification Services, Bureau of Inmate Classification and Management for Florida Department of Corrections; NADINE K. BELK, Prison Health Services Administrator at Lansing Correctional Facility; CHARLES HAVNER, Prison Health Services Dentist; ELIZABETH L. RICE, Unit Team Manager, Lansing Correctional Facility; STATE OF KANSAS,

Defendants,

and

WILLIAM L. CUMMINGS, Deputy Secretary of Kansas Department of Corrections; DAVID R. MCKUNE, Warden of Kansas Department of Corrections; PRISONER HEALTH

No. 06-3034
(D.C. No. 01-CV-3188-MLB)
(D. Kan.)

SERVICES, INC.; AKIN AYENI,
Prison Health Services State Medical
Director for Kansas Department of
Corrections; STEPHEN DAYAN,
Prison Health Services Medical
Physician; SANDIP NAIK, Prison
Health Services Medical Physician;
ANGELA GOEHRING, Senior Health
Services Administrator, Prison Health
Services, Inc.; CARLOS PETIT,
Prison Health Services Medical
Physician; JAMES R. BAKER, Prison
Health Services Medical Physician;
DUANE MUCKENTHALER, Unit
Team Manager, Lansing Correctional
Facility,

Defendants-Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH, ANDERSON**, and **BALDOCK**, Circuit Judges.

---

Plaintiff-appellant Donald Eugene Halpin, a prisoner appearing pro se,

appeals from the district court's order granting summary judgment to

defendants-appellees on his claim that they were deliberately indifferent to his

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

serious medical needs in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291 and affirm in part and vacate and remand in part.

This is the second appeal in this case. Appellant was convicted in 1980 in Florida and was originally housed there. He was transferred in July 1997 to Lansing, Kansas, and was moved back to Florida in December 2003. He had two heart attacks while originally in Florida and arrived in Kansas already sick and on medication. He also developed a serious skin infection and sinus problems. He filed suit in May 2001, asserting various claims related to his health care against numerous defendants in Kansas and Florida. After the district court dismissed the complaint, we held in the prior appeal that appellant had stated a claim for deliberate indifference, and we remanded this sole claim. On remand, appellant filed an amended complaint and the case proceeded to the summary judgment stage. The parties filed cross-motions for summary judgment. In a sixty-two page memorandum and order, the district court analyzed the record and granted summary judgment to appellees.

Appellant argues in this appeal that the district court erred by: (1) granting summary judgment to appellees; (2) failing to give him notice before he filed his brief in opposition of the requirements of summary judgment, including that he needed an affidavit from a medical expert; (3) granting summary judgment prior to the completion of discovery; (4) denying his repeated requests for appointment

of counsel; and (5) denying him leave to file a second amended complaint adding claims asserting the denial of medical treatment by the Kansas defendants after the filing of this lawsuit and that defendants retaliated against him for filing this lawsuit.

We consider appellant's last issue first. The magistrate judge denied appellant leave to amend on the ground that he failed to show that he had exhausted administrative remedies on the claims he wished to add, as was required at the time of the magistrate judge's order by Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003); overruled by Jones v. Bock, 127 S. Ct. 910 (Jan. 22, 2007). See R., Doc. 124, at 1-3. The requirement that inmates specially plead or demonstrate exhaustion was recently rejected by the Supreme Court in Jones v. Bock, 127 S. Ct. at 921. See Smith v. Cowman, No. 06-3272, slip op. at 3 (10th Cir. Mar. 1, 2007). Appellees argue that appellant's argument is waived because he did not file objections to the magistrate judge's order denying leave to amend. Because the magistrate judge's order did not inform appellant that a failure to object on any issue would result in a waiver, however, our waiver rule does not apply. See R., Doc. 124; Morales-Fernandez v. INS, 418 F.3d 1116, 1119 (10th Cir. 2005). We vacate the denial of appellant's motion for leave to file a second amended complaint and remand the matter for reconsideration in light of Jones v. Bock, 127 S. Ct. 910. See Smith, No. 06-3272, slip op. at 3.

-4-

We are otherwise unpersuaded by appellant's claims of error. We review the grant of summary judgment de novo, applying the same standard as the district court under Fed. R. Civ. P. 56(c). MacKay v. Farnsworth, 48 F.3d 491, 492 (10th Cir. 1995). We will affirm if the district court correctly determined that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Rule 56(c). Whether the district court was required to provide appellant advance notice of the requirements of opposing summary judgment is a legal question that we also review de novo. Dang v. UNUM Life Ins. Co. of Am., 175 F.3d 1186, 1189 (10th Cir. 1999). We review a district court's discovery rulings for an abuse of discretion. The Procter & Gamble Co. v. Haugen, 427 F.3d 727, 742-43 (10th Cir. 2005). We also review the denial of a motion for appointment of counsel for an abuse of discretion. Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004).

We reject appellant's argument that the district court should have provided him advance notice of the requirements of opposing appellees' motion for summary judgment, including that he needed an affidavit from a medical expert. The authorities upon which appellant relies are from other circuits, not this court, and, in any event, they require only that a district court provide notice to a pro se prisoner litigant of the general requirements of summary judgment, as stated in Rule 56(e) and also in plain English. See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992); Timms v. Frank, 953 F.2d 281, 283-85 (7th Cir. 1992).

Rule 56(e) states generally that "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Appellant's cited authorities do not require a district court to provide specific notice to a pro se prisoner litigant that he needs an affidavit from a medical expert. See Neal, 963 F.2d at 456-57; Timms v. Frank, 953 F.2d at 283-85.

Our own case, Jaxon v. Circle K Corp., 773 F.2d 1138, 1140 (10th Cir. 1985), also should not be read that broadly. Although we stated in Jaxon that "[d]istrict courts must take care to insure that pro se litigants are provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings," id. (quotation omitted), all we required in that case was that the district court grant a continuance so that the pro se litigant would have "a meaningful opportunity to remedy the obvious defects in his summary judgment materials," when the litigant had asked for more time to do so, id. (quotation omitted). Appellant has past litigation experience from many other lawsuits he has filed, and his filings in this case demonstrate that he already knew, without any special prior notice from the district court, that he needed to produce evidence in support of his opposition to appellees' motion for summary judgment. See McPherson v. Coombe, 174 F.3d 276, 281 (2d Cir. 1999). We are unpersuaded in the circumstances of this case that any special notice was required.

We are likewise unconvinced that the district court granted summary judgment prior to the completion of discovery. Appellant participated in a scheduling conference that produced an extensive scheduling order. R., Doc. 71. Appellant acknowledges that the deadline for completion of discovery was October 28, 2005. Aplt. Opening Br. at 14. Although he asserts that he requested more time for discovery, id. at 13, he does not point to any order granting his request and extending the deadline. Therefore, we cannot conclude that the district court abused its discretion.

Appellant also argues that the district court erred by denying his repeated requests for appointment of counsel. Appellees argue that the issue is waived because appellant failed to object to the magistrate judge's rulings. Although the magistrate judge denied appellant's first motion for counsel, the district court denied the second motion by implication of granting summary judgment to appellees. R., Doc. 269. The district court ended the case by entering judgment, R., Doc. 270, before the magistrate judge entered her order purporting to deny as moot a number of motions, including appellant's motion for appointment of counsel, id., Doc. 271. Therefore, appellant's challenge to the denial of counsel is not waived. Nevertheless, we find no abuse of discretion in the district court's implicit denial of appellant's motion for counsel, since the district court correctly determined that there were no triable issues of fact. 28 U.S.C. § 1915 does not require the district court to appoint counsel.

Finally, with regard to the grant of summary judgment, we have carefully reviewed the parties' materials in light of the applicable law. We are unpersuaded by appellant's claims of error and affirm the grant of summary judgment for substantially the same reasons as those set forth in the district court's thorough and well-written memorandum and order.

AFFIRMED in part and VACATED in part and REMANDED for additional proceedings.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge