**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| LINDA L. YOUNG, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 08-997 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 5, 7 |
| | : | | |
| VERIZON COMMUNICATIONS, INC., | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

GRANTING THE DEFENDANT'S MOTION TO DISMISS AND
DENYING AS MOOT THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the court on the defendant's motion to dismiss and/or for summary

judgment. On June 10, 2008 the *pro se* plaintiff filed a complaint against the defendant alleging

employment discrimination and retaliation. *See generally* Compl. She filed an amended complaint

on June 17, 2008, providing additional detail about the alleged discriminatory and retaliatory acts.

*Id.* On July 10, 2008, the defendant filed a motion to dismiss and/or for summary judgment. *See*

*generally* Def.'s Mot at 1. The defendant, Verizon Communications, Inc., claims that it did not

employ the plaintiff; rather that the plaintiff was employed by Verizon Virginia, Inc., a subsidiary of

the defendant that is incorporated and maintains its primary place of business in Virginia and does

not transact business in the District of Columbia. *Id.* at 2 n.2. As such, the defendant argues that

this court does not have jurisdiction over the correct defendant – Verizon Virginia, Inc. *Id.* at 3.

The defendant also claims that the plaintiff failed to effect proper service by serving a individual

who is not an officer or registered agent of either the named defendant or Verizon Virginia, Inc. *Id.*

at 4.

After the plaintiff failed to timely oppose the defendant's motion, on August 13, 2008 the

court ordered the plaintiff to file a response on or before September 1, 2008, specifically advising

the plaintiff that the court would "accept any factual assertions in the defendant's affidavits as true unless the plaintiff submits [her] own *affidavits or other documentary evidence* contradicting the defendant's assertions." Minute Order (Aug. 13, 2008) (citing *Neal v. Kelly*, 963 F.2d 453, 456-57 (D.C. Cir. 1992)) (emphasis added). The plaintiff filed "Plaintiff [sic] Request to Deny Defendant's Motion for Dismissal of this Complaint" ("Pl.'s Opp'n") on September 30, 2008. In this late-filed, two-page document the plaintiff lists the attorneys she has contacted in an attempt to secure representation and briefly explains her financial hardship. *See generally* Pl.'s Opp'n. She also states that the charges against "Verizon [are] accurate . . . and easily can be proven." *Id.* at 1. Despite the court's urging, the plaintiff did not set forth any factual arguments or provide any documentary evidence regarding the issues challenged by the defendant. *See generally id.* Although the court accepts the late filing, the plaintiff still failed to substantively oppose the defendant's motion. Accordingly, the court treats the motion as conceded. *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997) (noting that arguments not addressed are treated as conceded).

For the foregoing reasons, the court grants the defendant's motion to dismiss and denies as moot the defendant's motion in the alternative for summary judgment.[1] An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 17th day of March 2009.

RICARDO M. URBINA
United States District Judge

---

[1] This dismissal shall be without prejudice for a period of ninety days after which it will become a dismissal with prejudice.

2