# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARVA JEAN HERRING,<br><br>           **Plaintiff,**<br><br>          **v.**<br><br>SECRETARY, UNITED STATES DEPARTMENT OF VETERAN AFFAIRS, et al.,<br><br>           **Defendants.** | **Civil Action 09-00478  (HHK)** |

## MEMORANDUM OPINION

Before the Court is the motion for summary judgment of defendant Washington Hospital Center [#15].  This motion, filed on January 22, 2010, seeks summary judgment as to the medical malpractice claims brought by plaintiff Marva Jean Herring on the grounds that they are barred by the statute of limitations.

On January 25, 2010, in compliance with the D.C. Circuit's mandate in *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court advised *pro se* plaintiff Herring that on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion[s]" made in the movant's affidavits.  *Id.* at 456 (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)); *see also* LCvR 7 ("[T]he court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in a statement of genuine issues filed in opposition to the motion.").  The Court's order also stated that an opposition to Washington Hospital Center's motion was due by

February 23, 2010.  That deadline has passed, and Herring has neither filed an opposition nor sought an extension of time to make such a filing.

In accordance with Local Civil Rule 7 and because Herring has filed no opposition, the Statement of Material Facts Not in Dispute submitted with Washington Hospital Center's motion is deemed admitted in its entirety.  According to this Statement, Herring "sought medical care after discovering a lump in her breast in December 2001."  Def.'s Statement of Material Facts Not in Dispute ¶ 1.  She "was frustrated and unhappy with her medical care and sought a biopsy" in 2003.  *Id.* ¶ 2.  She "attempted to file suit as a result of her dissatisfaction with the treatment of her breast cancer" in December 2004.  *Id.* ¶ 3.  She "filed suit against [Washington Hospital Center] on March 12, 2009.  *Id.* ¶ 4.  The Statement cites to matters of record, Herring's assertions in her complaint, and this court's docket, which indicates the date that she filed this case.

As described above, Herring was necessarily aware of the facts underlying the claims now before the Court by, at the latest, 2004, when she first attempted to file suit.  Therefore, because more than three years passed between 2004 and the filing of this suit in 2009, Herring's medical malpractice claims against the Washington Hospital Center are barred by the applicable three-year statute of limitations.  Consequently, the Washington Hospital Center is entitled to judgment as a matter of law.  An appropriate order accompanies this memorandum opinion.

Henry H. Kennedy, Jr.
United States District Judge