# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **RICHARD FISHER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Case No. 09-1910 (RJL)** |
| | ) | |
| **ISAAC FULWOOD, JR.,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OPINION
### (March 27, 2011) [#15]

Plaintiff, a state prisoner currently imprisoned at United States Penitentiary Lee

("USP Lee"), has commenced this action against two commissioners and two employees

of the United States Parole Commission ("Commission" or "USPC") under 42 U.S.C. §

1983. Plaintiff alleges that the Commission erred when it calculated his parole-

eligibility, or "grid," score either by applying Commission guidelines, implemented in

2000, instead of regulations of the District of Columbia Parole Board, implemented in

1987 and interpreted by policy guidelines implemented in 1991, or by applying the 1987

regulations but not the 1991 guidelines. Plaintiff has moved for summary judgment on

all claims. For the reasons set forth below, plaintiff's motion is DENIED.

The background and facts of this case have been set forth in this Court's

memorandum opinion, issued contemporaneous with the instant opinion, in relation to

defendants' motion to dismiss [#13]. In light of that memorandum opinion, which grants

in part and denies in part defendants' motion, the only claim remaining in this case is plaintiff's claim arising under the Ex Post Facto Clause of the Constitution.

The Court will grant plaintiff's motion for summary judgment if the pleadings and the discovery and disclosure materials on file, together with any affidavits or declarations, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A fact is 'material' if a dispute over it might affect the outcome of a suit under governing law." *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Factual assertions in the moving party's affidavits or declarations may be accepted as true unless the opposing party submits his own affidavits, declarations, or documentary evidence to the contrary. *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

"The Ex Post Facto Clause of the United States Constitution prohibits retroactive increases in punishment for a crime after its commission." *Sellmon v. Reilly*, 551 F. Supp. 2d 66, 84 (D.D.C. 2008) (citing U.S. Const. art. I, § 9, cl. 3; *Collins v. Youngblood*, 497 U.S. 37, 42-43 (1990)). "The Supreme Court has held that a retroactively applied parole regulation, guideline, or policy statement may violate the *Ex Post Facto* Clause if it creates 'a significant risk' of 'a longer period of incarceration than under the earlier rule.'" *Id.* (quoting *Garner v. Jones*, 529 U.S. 244, 255 (2000)).

2

In his motion, plaintiff contends that "defendants violated his Constitutional rights under the Ex Post Facto Clause by applying their own parole procedures and policies"—the 2000 guidelines—"to his case, rather than those of the D.C. Parole Board"—the 1987 regulations and 1991 guidelines—"and significantly increases the risk of a longer period [of] incarceration." Pl.'s Mot. in Opp'n to Defs.' Mot. to Dismiss, and for Summ. J., at 3, 13-14 ("Pl.'s Mot."). Plaintiff supports this contention with reliance on exhibits attached to his complaint. In the summary of plaintiff's parole hearing, defendant Howard notes that plaintiff, through his attorney, argued that the "hearing should be conducted under the DC Board of Parole guidelines"—i.e., the 1987 regulations and 1991 guidelines. Hearing Summary, at 4, *filed as* Compl. Ex. A at 4. Mr. Howard's summary does not specify whether the he did so conduct the hearing, *see id.*, but the worksheets used to calculate plaintiff's parole eligibility, each titled "2.80 Guideline Worksheet," seem to refer to 28 C.F.R. § 2.80—the 2000 guidelines, *see* 2.80 Guideline Worksheet, *filed as* Compl. Ex. A at 6-10.

Defendants, on the other hand, argue that plaintiff's initial parole hearing *was* conducted according to the 1987 regulations and 1991 guidelines, Defs.' Opp'n to Pl.'s Mot. for Summ. J. and Reply to Pl.'s Opp'n to Defs.' Mot. to Dismiss, at 2, and provide as support the Commission's notice of action, which specifies that the "Commission is applying the DC Board of Parole's 1987 guidelines to the initial parole decision in [plaintiff's] case." Notice of Action, at 1, *filed as* Compl. Ex. B at 1. Plaintiff, naturally, disagrees: "Even though the defendants have allege[d] 'in their notice of action' they

3

applied the 1987 [r]egulation[s] to the plaintiff['s] case, such is not the case." Pl.'s Mot. at 11.

There is, therefore, a dispute between the parties about whether, as a matter of fact, the 1987 regulations and 1991 guidelines were actually applied. Because that fact forms the entire basis of plaintiff's claim, it is material. Because both sides have documentary evidence to support their argument, the dispute about this material fact is genuine. Plaintiff is therefore not entitled to judgment as a matter of law.

Accordingly, for the foregoing reasons, the Court DENIES plaintiff's motion for summary judgment. An order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

4