**Laura J. HOPKINS, Appellant,**

v.

**WOMEN'S DIVISION, GENERAL BOARD OF GLOBAL MINISTRIES, the United Methodist Church, et al., Appellees.**

No. 03–7147.

United States Court of Appeals, District of Columbia Circuit.

May 27, 2004.

John O. Iweanoge, The Iweanoges' Firm, Washington, DC, for Plaintiff–Appellant.

Frank Charles Morris, Jr., Brian Wayne Steinbach, Epstein Becker & Green, Washington, DC, for Defendant–Appellee.

Before EDWARDS, SENTELLE, and HENDERSON, Circuit Judges.

**JUDGMENT**

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs filed by the parties. While the issues presented occasion no need for a published

opinion, they have been accorded full consideration by the Court. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(b).

For the reasons stated in the accompanying Memorandum, it is

ORDERED and ADJUDGED that the judgment of the district court be affirmed.

The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.

## *MEMORANDUM*

This appeal involves a claim of Title VII-prohibited race discrimination that the district court dismissed below on summary judgment. Appellant Hopkins, the plaintiff below, is a Native American former employee of the Women's Division, a corporation affiliated with the United Methodist Church that is devoted to advancing the mission of the Church. The Division discharged Hopkins after she failed to attend an important meeting, as Hopkins failed to give any reason, other than unexplained "personal reasons," for missing the meeting.

■ Hopkins's arguments regarding why genuine issues of material fact remain to be tried in this lawsuit are devoid of merit. Hopkins advances three contentions: first, that the Division deprived her of needed office supplies because of her race; second, that the Division failed to discipline a support staff member under her because of her race; and finally, that the Division terminated her because of her race. As the district court correctly noted, the first two claims fail because even assuming Hopkins is correct on the facts, neither of the Division's actions is an "adverse employment action," an essential element of Hopkins' prima facie

case of race discrimination. *See Stella v. Mineta*, 284 F.3d 135, 145 (D.C.Cir.2002). Neither declining to discipline a support-staff member nor depriving someone of office supplies is a "tangible employment action evidenced by firing, failing to promote, a considerable change in benefits, or reassignment with significantly different responsibilities." *Stewart v. Ashcroft*, 352 F.3d 422, 426 (D.C.Cir.2003).

■ Hopkins's third claim is legally insufficient for a separate reason. That claim fails the third element of making out her prima facie case—that the adverse employment action gave rise to an "inference of [racial] discrimination." *Stella*, 284 F.3d at 145 (internal quotation marks and citation omitted). The only probative evidence on this score to which Hopkins points is evidence that other employees similar to her in rank failed to attend similar meetings and were not fired. As the district court pointed out, however, that evidence says nothing about whether Hopkins was fired because of her race, since Hopkins presented no evidence concerning the race of those individuals, much less whether those individuals gave similarly vague explanations concerning their reason (if any) for missing those meetings. No reasonable jury could infer that she was discriminated against because of her race based on such evidence.

Because Hopkins has failed to make out a prima facie case of racial discrimination on any of these claims, the judgment of the district court is affirmed.