**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **TERRY JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 16-1005-RBW** |
| | ) | |
| | ) | |
| **JACOB J. LEW** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM OPINION**

The plaintiff, appearing *pro se*, sues her former employer, the Internal Revenue Service, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-to 2000e-17 (2012) ("Title VII"). The plaintiff alleges that beginning in August 2011, she "was subjected to harassment based on her race and disability." Complaint ("Compl.") ¶ 5. The plaintiff also alleges that she suffered reprisals for engaging in protected activity beginning in October 2011. *Id*. at 4-5. The plaintiff "was terminated effective May 15, 2012." *Id*. ¶ 11.

Currently before the Court is the Defendants' Motion to Dismiss Complaint or, in the Alternative, for Summary Judgment ("Defs. Mot."), ECF No. 11. Arguing that the plaintiff has failed to state a claim, the defendants have moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, the defendants seek summary judgment under Rule 56 "[a]s to Plaintiff's claim for retaliation based on termination[.]" Defs.' Mot. at 1.

The plaintiff has not complied with the Court's orders to respond to the defendants' motion, and her deadlines have long expired. In an order issued on October 3, 2016, ECF No. 12

("Oct. 3, 2016 Order"), the Court informed the plaintiff about her obligation to respond to the defendants' motion by November 18, 2016, and of the possible consequence of dismissal if she failed to file her response by the deadline. In that same order, the Court denied the plaintiff's motion for court-appointed counsel. *See* Oct. 3, 2016 Order at 1, 3. By Minute Order issued on December 5, 2016 ("Dec. 5, 2016 Order"), the Court granted the plaintiff's untimely filed motion "requesting additional time to find an attorney to represent me in this case" and to "answer the agency's Motion to Dismiss." Plaintiff's Motion for Additional Time to Answer Motion of Dismissal and Request Court Appointed Attorney at 1, ECF No. 13. In that same order, the Court denied the plaintiff's renewed motion for court-appointed counsel and directed her to file her response "with or without retained counsel" by February 6, 2017. Dec. 5, 2016 Order. The plaintiff has neither filed a response nor sought additional time to do so.

Turning to the pending motion, the Court finds that the defendants have presented valid arguments for dismissing the complaint for pleading deficiencies. *See* Defs.' Memorandum of Law at 6-15. And, as the plaintiff was advised, the defendants' unopposed arguments may be treated as conceded. *See* Oct. 3, 2016 Order at 2 (citing *Hopkins v. Women's Div., General Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), *aff'd*, 98 Fed. Appx. 8 (D.C. Cir. 2004) (other citation omitted)). Therefore, the Court will grant the defendants' motion to dismiss under Rule 12(b)(6) and will dismiss the complaint without prejudice.[1]

_____s/_____
Reggie B. Walton
DATE: July 19, 2017                United States District Judge

---

[1] A separate Order accompanies this Memorandum Opinion.