UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRENISHA JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-3025 (PLF) |
| ) | |
| SHAUNDA CROSBY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant Shaunda Crosby's Motion to Dismiss [Dkt. No. 10], pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Because consideration of Ms. Crosby's Motion could potentially dispose of this case, the Court advises plaintiff Trenisha James, proceeding pro se, of the following:

In Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988) (per curiam), the D.C. Circuit held that a district court must take pains to advise a pro se party of the consequences of failing to respond to a dispositive motion. See id. at 509. The Court must provide "notice . . . [that] include[s] an explanation that the failure to respond to an adverse party's . . . motion may result in the . . . court granting the motion and dismissing the case." Id. In addition, this Court's Local Rules concerning motions to dismiss state that "within 14 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion," or the Court "may treat the motion as conceded," or it may consider the merits of any motion not timely opposed. See D.C. LCvR 7(b); Hopkins v.

Women's Div., Gen. Bd. of Global Ministries, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) (same), aff'd, 98 F. App'x 8 (D.C. Cir. 2004).

The Court hereby advises Ms. James of her obligations under the Federal Rules of Civil Procedure and this Court's Local Civil Rules. If Ms. James fails to submit a timely memorandum responding to Ms. Crosby's Motion to Dismiss, the Court may treat the Motion as conceded, grant the Motion on the merits while only considering Ms. Crosby's arguments, or otherwise dismiss the case without the benefit of Ms. James's input. If Ms. James files a response, when the Court rules on Ms. Crosby's Motion to Dismiss, the Court will consider the facts included in the Complaint, along with any legal arguments Ms. James makes in her response. The Court generally will not consider facts alleged for the first time in Ms. James's response.

For these reasons, it is in Ms. James's interests to respond to Ms. Crosby's Motion. Accordingly, the Court hereby ORDERS Ms. James to respond to Ms. Crosby's Motion to Dismiss [Dkt. No. 10], on or before February 20, 2026. The Court reiterates that if Ms. James fails to respond by that date, the Court may dismiss this case without the benefit of her position.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 1/22/26

2